FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 20, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DANIEL JOSEPH WEST,

               Petitioner,

   v.

STATE OF WASHINGTON,

               Respondent.

2:19-cv-125-SAB

**ORDER DENYING MOTION TO RECONSIDER**

Before the Court, without oral argument, is Petitioner's *pro se* Motion to Reconsider, ECF No. 7, and his Addendum to the motion, ECF No. 8. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies the motion.

By Order filed July 5, 2019, the Court summarily dismissed Mr. West's *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. ECF No. 5. Petitioner had not named a proper Respondent. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). He also conceded that he had not fully exhausted his state court remedies before filing his petition. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

**ORDER DENYING MOTION TO RECONSIDER -- 1**

In the Motion to Reconsider, Petitioner contends that because a habeas petition is "an original action," and not an appeal or a "mechanism requesting the review of [his] judgment of conviction," he is not required to exhaust state remedies. ECF No. 7 at 1. The habeas statute clearly recognizes the jurisdiction of state courts to adjudicate constitutional issues, providing for federal habeas corpus relief when the state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Petitioner re-asserts his contention that his conviction and sentence are invalid because he was not charged by an indictment of a grand jury in violation of the Fifth Amendment. ECF No. 7 at 4. This contention is meritless. There is no Federal Constitutional violation when a prosecuting attorney's criminal information is substituted for the grand jury's indictment. *See Hurtado v. People of State of California,* 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information).

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *School Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J*, 5 F.3d at 1263. These standards apply in habeas corpus proceedings under 28 U.S.C. § 2254 to the extent they are not inconsistent with applicable federal statutory provisions and rules. *See Gonzalez*

*v. Crosby*, 545 U.S. 524, 530 (2005).

In this instance, Petitioner has not presented newly discovered evidence. *See School Dist. No. IJ*, 5 F.3d at 1263. He has not shown that the Court committed clear error or that the dismissal Order was manifestly unjust. Furthermore, there has been no intervening change in controlling law and there are no other circumstances warranting reconsideration. *Id.*

Accordingly, **IT IS HEREBY ORDERED:**

Petitioner's Motion to Reconsider, **ECF No. 7**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to *pro se* Petitioner. The file shall remain closed. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**DATED** this 20th day of August 2019.



Stanley A. Bastian
United States District Judge